# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

TERESA LAVIS,

          Plaintiff,

v.                                            CIVIL ACTION NO. 5:17-cv-00209

REVERSE MORTGAGE SOLUTIONS, LLC,

          Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *Plaintiff Teresa Lavis' Memorandum on Tender* (Document 102), the *Plaintiff's Renewed Motion for Judgment as a Matter of Law and Motion for New Trial on Count III of the Complaint* (Document 103), and *Plaintiff Teresa Lavis' Memorandum in Support of Renewed Motion for Judgment as a Matter of Law and Motion for New Trial* (Document 104).

The Court has further reviewed *Defendant Reverse Mortgage Solutions, Inc.'s Proposed Calculation of Amount of Tender* (Document 105), *Defendant Reverse Mortgage Solutions, Inc.'s Memorandum in Opposition to Plaintiff's Renewed Motion for Judgment as a Matter of Law and Motion for New Trial* (Document 106), and the *Plaintiff's Memorandum of Law in Reply to Defendant's Response to Renewed Motion for Judgment as a Matter of Law and Motion for New Trial* (Document 107).

The Plaintiff's reply is the subject of the Defendant's *Motion to Strike Plaintiff's Untimely Reply to Defendant's Opposition to Renewed Rule 50 Motion and Motion for New Trial* (Document 108), the *Memorandum in Support of Motion to Strike Plaintiff's Untimely Reply to Defendant's*

*Opposition to Renewed Rule 50 Motion and Motion for New Trial* (Document 109), the *Plaintiff's Motion for Extension of Time and Response to Defendant's Motion to Strike* (Document 110), and the *Defendant's Response to Plaintiff's Motion for Extension of Time and Response to Motion to Strike* (Document 111). For the reasons stated herein, the Court finds that the Plaintiff's renewed Rule 50 motion should be granted, the motion for a new trial should be denied, and the motion to strike should be denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court has issued previous opinions in this case, including an opinion resolving motions for summary judgment. (*See Memorandum Opinion and Order*, Document 51.) That prior opinion more fully summarizes the issues presented by this case. In brief summary, the Plaintiff in this matter, Teresa Lavis, sought a reverse mortgage from the Defendant, Reverse Mortgage Solutions (RMS), in 2013. The closing on the reverse mortgage took place in late November 2013. Ms. Lavis received a lump sum of $44,008.96. The total loan principal, including closing costs and payment of Ms. Lavis' prior traditional mortgage, was $66,976.

In January 2014, RMS began sending Ms. Lavis letters regarding the payment of insurance and taxes, which remained her responsibility under the terms of the reverse mortgage. RMS obtained and paid for property insurance, as well as certain property taxes. It billed Ms. Lavis for the amounts expended. In 2015, Ms. Lavis agreed to a payment plan to repay RMS for the tax and insurance payments, but she soon fell behind on the payments. In August 2015, RMS began sending letters notifying her that failure to pay the amounts owed and/or the full loan balance could result in foreclosure. Ms. Lavis sent a letter, dated May 12, 2016, notifying RMS that she was exercising her right to rescind the loan. RMS received the letter and date-stamped it May

17, 2016. It did not take any action in response to the letter. RMS continues to retain its deed of trust and intends to pursue foreclosure.

Ms. Lavis brought an eight-count complaint alleging violations of the West Virginia Residential Mortgage Lender, Broker, and Servicer Act (WVRMLBSA), the West Virginia Reverse Mortgage Enabling Act and implementing regulations, unconscionable inducement, misrepresentation, unfair debt collection, violations of the West Virginia Consumer Credit Protection Act (WVCCPA), breach of contract, rescission, and failure to honor rescission. The Court dismissed the WVRMLBSA claims and granted summary judgment to the Defendant on the unconscionable inducement claim and on the unfair debt collection claim, to the extent that claim related to closing costs. The Plaintiff voluntarily chose not to pursue the breach of contract claim. That left claims related to rescission, misrepresentation, and the WVCCPA to be decided at trial.

A jury trial took place from June 11 through June 13, 2018. During the course of the trial, the Court granted the Plaintiff's motion for judgment as a matter of law as to the rescission claim, finding that the evidence established that she had the right to rescind and had taken the steps required by law to rescind the reverse mortgage. However, the Court reserved the question of tender to be determined following post-trial briefing. The jury rendered a verdict finding that the Plaintiff had not shown that RMS used fraudulent, deceptive, or misleading representation to collect a debt or that RMS failed to honor rescission. The parties have submitted briefing regarding the appropriate amount of tender, or how much Ms. Lavis should be required to pay to complete the process of unwinding her reverse mortgage. In addition, Ms. Lavis moves for judgment as a matter of law as to Count Eight, which alleged failure to honor rescission, and for a new trial as to damages and as to the WVCCPA claims contained in Count III. Finally, Ms. Lavis

filed a reply brief outside the applicable time limits, and the Defendant moved to strike. The Court will initially address that issue.

## MOTION TO STRIKE

The Plaintiff's reply brief in support of her motion for judgment and for a new trial was filed on July 24, 2018, four days after the deadline established by Local Rule of Civil Procedure 7.1(a)(7). RMS moves to strike the reply. Ms. Lavis' counsel explains that he miscalculated the deadline using a previous version of Rule 6 of the Federal Rules of Civil Procedure, and requests that the Court permit the brief. RMS contends that the Plaintiff has not met the standard for showing excusable neglect, and her reply brief should be stricken.

The Court finds that the Plaintiff's motion for leave to file the reply brief out of time should be granted, and the Defendant's motion to strike should be denied. The brief was filed four days late, and its consideration will not prejudice the Defendant or delay proceedings.[1]

## STANDARD OF REVIEW

### A. Rule 50(b)

A Rule 50(b) motion for judgment as a matter of law may be submitted within 28 days after the entry of judgment. The rule provides that the Court may allow judgment on the jury verdict, order a new trial, or direct the entry of judgment as a matter of law. Fed. R. Civ. P. 50(b). Rule 50 motions may be granted if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). "A Rule 50(b)

---

1 The Court's ruling herein is not intended to condone late filings. Deadlines serve a purpose and failing to comply with deadlines is disrespectful of the Court and opposing counsel. It also puts the client's interests at risk of not being fully heard and litigated on the merits.

motion should be granted if a district court determines, without weighing the evidence or considering the credibility of the witnesses, that substantial evidence does not support the jury's findings." *Konkel v. Bob Evans Farms Inc.*, 165 F.3d 275, 279 (4th Cir. 1999). Evidence should be viewed in the light most favorable to the prevailing party, and all reasonable inferences should be drawn in favor of the prevailing party. *Id*.

### B. Rule 59(a)

A motion for a new trial following a jury trial, pursuant to Rule 59(a), may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "The decision to grant or deny a new trial rests with the sound discretion of the district court." *Bristol Steel & Iron Works v. Bethlehem Steel Corp.*, 41 F.3d 182, 186 (4th Cir. 1994). The Fourth Circuit has established a three-pronged standard for review of motions brought pursuant to Rule 59: whether "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Atlas Food Sys. & Servs., Inc. v. Crane Nat. Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996) (quoting *Aetna Casualty & Sur. Co. v. Yeatts*, 122 F.2d 350, 352-53 (4th Cir. 1941)).

Review of the first two prongs "encompasses a comparison of the factual record and the verdict to determine their compatibility." *Id*. "When considering a motion for a new trial, the 'crucial inquiry,' particularly when employing the third prong, is 'whether an error occurred in the conduct of the trial that was *so grievous* as to have rendered the trial unfair.'" *Huskey v. Ethicon, Inc.*, No. 2:12-CV-05201, 2015 WL 4944339, at *11 (S.D.W. Va. Aug. 19, 2015) (Goodwin, J.),

*aff'd,* 848 F.3d 151 (4th Cir. 2017) (quoting *Bristol Steel & Iron Works v. Bethlehem Steel Corp.,* 41 F.3d 182, 186 (4th Cir.1994)) (emphasis in *Huskey*).

## DISCUSSION

The Plaintiff argues that the undisputed evidence with respect to her claim of violation of the right to rescind was sufficient to establish the alleged violations. RMS conceded that it could not demonstrate that Ms. Lavis was provided notice of her right to rescind, which extended the time in which Ms. Lavis could exercise that right. Ms. Lavis cites the testimony from RMS' corporate representative, confirming that it had a copy of her notice of rescission, with a receipt stamp dated May 17, 2016, and that RMS did not release the deeds of trust or file a civil action to maintain the lien within twenty days after that notice. Ms. Lavis further contends that RMS' corporate representative's testimony and the documentation produced at trial demonstrates that RMS continued to claim that Ms. Lavis remained obligated under the reverse mortgage and continued to impose charges, seek to collect alleged moneys owed, and pursue foreclosure. Ms. Lavis argues that, even viewed in the light most favorable to RMS, the only conclusion supported by the evidence is that RMS failed to honor rescission. Further, Ms. Lavis contends that the jury verdict finding no misrepresentations in RMS' debt collection efforts was against the clear weight of the evidence because (a) RMS continued collection attempts after rescission nullified its interest in the property and (b) RMS failed to credit Ms. Lavis' account for taxes she had paid, resulting in collection attempts that stated an incorrect amount due.

RMS argues that the jury's resolution of Counts III and VIII should not be disturbed. It contends that a creditor is not required to immediately release its security interest following receipt of a notice of rescission, and that failure to do so does not automatically support a claim for failure

to honor rescission. RMS argues that "a reasonable jury could conclude that rescission required the Plaintiff to return at least some portion of the Loan proceeds to RMS" and that "[t]he evidence supported the jury's commonsense determination…that RMS did not fail to 'honor the rescission' when Plaintiff could not hold up her end of the deal" by repaying the reverse mortgage. (Def.'s Resp. at 7.) RMS further argues that it began communicating with Ms. Lavis' attorney, at her request, in April 2016, and he requested certain information unrelated to rescission and did not raise the issue of rescission. In short, RMS argues that the continuing communications between Ms. Lavis' counsel and RMS about non-rescission subjects could have been viewed as a tacit agreement that the amounts due from Ms. Lavis remained an active issue. As to Count Three, RMS contends that there was little evidence of purposeful misrepresentations related to attempts to collect a debt, and points to Ms. Lavis' testimony that she had no knowledge of letters or loan statements from RMS.

### A. Count Three – WVCCPA Claims

The Court finds that the jury verdict as to Count Three should not be disturbed. The WVCCPA bars use of deceptive or misleading representations to collect debts. The statute specifies that this provision includes "[a]ny false representation or implication of the character, extent or amount of a claim against a consumer, or of its status in any legal proceeding." W.Va. Code § 46A-2-127(d). The Court described the legal provision to the jury, and instructed the jury that "If you find by a preponderance of the evidence that the Defendant, Reverse Mortgage Solutions, Inc., through its agents or employees used any fraudulent, deceptive or misleading representation or means to collect or attempt to collect a debt from the Plaintiff, Teresa Lavis, then you may find in favor of the Plaintiff on Count III of the complaint." (Jury Charge at 11)

(Document 87.) The Court provided an instruction on the bona-fide error defense, explaining that the Defendant may not be held liable if "the violation was not intentional" or "the violation resulted from a bona fide error of fact, notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid any such error." (*Id*. at 12-13.)

Ms. Lavis had little recollection of receiving collection letters from RMS. RMS' representative testified that communications were sent to Ms. Lavis' attorney, at her request, after she obtained counsel. RMS' representative also testified that the mortgage statements that included the contested charges were informational only and were not an attempt to collect a debt. RMS conceded that it improperly billed Ms. Lavis for a tax charge associated with another property. It presented a bona-fide error defense, explaining that it removed the charge when the payment was returned. The Court finds that there was sufficient evidence to permit the jury to find in RMS' favor with regard to Count III. Accordingly, the Plaintiff's motion for a new trial pursuant to Rule 59 should be denied.

### B. *Failure to Honor Rescission and Tender*

The Court instructed the jury that Ms. Lavis legally rescinded the reverse mortgage loan by timely sending notice on May 12, 2016. The Court further instructed the jury of the statutory requirements contained in 15 U.S.C. § 1635. Specifically, the Court instructed the jury that "once the Plaintiff sent timely notice of her intent to rescind the reverse mortgage loan, within twenty (20) days after receipt of the notice, a creditor like the Defendant, Reverse Mortgage Solutions, is required to return to the Plaintiff any money or property given as earnest money down payment or otherwise and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." (Jury Charge at 13-14.)

8

The evidence related to rescission was not significantly in dispute, although the parties vigorously dispute the legal implications of the facts. RMS did not provide Ms. Lavis with required disclosures regarding the right to rescind at the loan closing, giving her three years to exercise her right to rescind. Ms. Lavis sent a letter, dated May 12, 2016, informing RMS that she was exercising her right to rescind. Although RMS does not dispute that Ms. Lavis retained the right to rescind, it did nothing in response to the letter. To date, RMS has taken no steps to effectuate rescission or to honor its statutory obligations triggered by Ms. Lavis' letter.

15 U.S.C. § 1365(b) sets forth the procedures involved in rescission, using mandatory "shall" language. Within twenty days after an obligor exercises the right to rescind, "the creditor shall return to the obligor any money or property given as earnest money, down payment, or otherwise, and *shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.*" 15 U.S.C. § 1635(b) (emphasis added.) This language is not permissive.

RMS argues that the jury could have found that it was not "appropriate" for it to terminate the security interest because Ms. Lavis had not demonstrated that she would be able to fulfill the next step contemplated by the statute and tender the loan proceeds back to RMS. The Court has repeatedly held that the clear language of the statute, as well as the Supreme Court's discussion of the issue in *Jesinoski v. Countrywide Home Loans, Inc.*, demonstrate that, absent a suit or motion to alter the procedures set forth in the statute and regulations, a creditor's obligation to return funds and terminate the security interest precedes any obligation of the borrower to tender loan proceeds. 135 S.Ct. 790, 793 (2015).

The Court rejected RMS' arguments in a motion to dismiss, a motion for summary judgment, motions and briefing regarding the appropriate jury instructions, and, finally, in ruling on the parties' competing motions for judgment on rescission during the course of trial. Once again, the Court finds that the statute required RMS to respond to Ms. Lavis' rescission. There was no evidence presented at trial to support a finding that RMS honored rescission. Viewing the evidence in the light most favorable to the Defendant, the Court finds that the jury's conclusion that RMS did not fail to honor rescission is not supported by substantial evidence, given the jury instructions and the applicable legal standards. Thus, Ms. Lavis' Rule 50(b) motion for judgment as a matter of law with respect to her claim for failure to honor rescission should be granted.

The Court further finds that RMS failed to preserve any right to tender from Ms. Lavis. Ms. Lavis took all appropriate steps required under the statute to rescind and to protect her rights. Despite its status as a sophisticated entity with access to the expertise of counsel, RMS did *nothing* in response to Ms. Lavis' notice of rescission. It did not take steps to terminate her security interest. It did not request that she proffer regarding her ability to tender or submit a request for a specific amount in tender. It did not file suit to preserve its right to tender or to delay its obligation to terminate the security interest pending Ms. Lavis' demonstration of an ability to tender the loan proceeds. After Ms. Lavis filed this action to enforce her rights, RMS did not file a counterclaim for return of the loan proceeds. It did not file a motion or other response requesting that the Court alter the procedures set forth in 15 U.S.C. § 1635(b). Instead, it continued to insist, even through the end of trial and in its briefings considered here, that it could simply ignore Ms. Lavis' rescission of the loan.[2]

---

2 RMS argues that enforcing the statute as written would upend the mortgage industry. As noted, lending institutions faced with a notice of rescission have many options to protect their interests and ensure that the borrower is able to

RMS asks the Court to likewise ignore the mandatory language of the statute and *Jesinoski's* explanation that "the Act disclaims the common-law condition precedent to rescission at law that the borrower tender the proceeds received under the transaction." *Jesinoski*, 135 S.Ct. at 79–93 (further noting that the Truth in Lending Act is a consumer-protection statute intended to ensure consumers receive complete and accurate information in credit transactions). The Court declines the opportunity to adopt RMS' interpretation but instead follows the unambiguous statutory language. A finding that RMS is entitled to tender, despite its disregard of its obligations over a period of years and its failure to take any measures to preserve its rights under the statute, would incentivize lending institutions to follow RMS' poor example.

Ms. Lavis presented evidence of damages arising from RMS' failure to honor rescission. However, the Court finds that there was no evidence that the amount of such damages would exceed the amount of the loan proceeds she received, including a lump sum of $44,008.96, $13,577.57 that was used to satisfy her prior traditional mortgage, and smaller sums expended for insurance and/or taxes. Accordingly, the Court finds that a new trial as to damages is unnecessary.

Ms. Lavis further moved for attorney fees. The parties have suggested that an appeal is likely, and the Court finds it appropriate to reserve the question of whether to award attorney fees and costs, and in what amount, pending any appeal. Should no appeal be filed, the Court will entertain a motion regarding such fees.

---

tender the loan proceeds. Most obviously, creditors may provide the required disclosures to limit the rescission period to three days, when parties are more likely to be able to easily return to the status quo. The Court is unconvinced that creditors will be unable to protect their financial interests if they are required to comply with § 1635 according to its terms.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Motion to Strike Plaintiff's Untimely Reply to Defendant's Opposition to Renewed Rule 50 Motion and Motion for New Trial* (Document 108) be **DENIED** and that the *Plaintiff's Motion for Extension of Time and Response to Defendant's Motion to Strike* (Document 110) be **GRANTED**. The Court further **ORDERS** that the *Plaintiff's Renewed Motion for Judgment as a Matter of Law and Motion for New Trial on Count III of the Complaint* (Document 103) be **DENIED** as to the motion for a new trial on Count III and **GRANTED** as to the motion for judgment as a matter of law on Count VIII. In addition, the Court **ORDERS** that *Defendant Reverse Mortgage Solutions, Inc.'s Proposed Calculation of Amount of Tender* (Document 105), construed as a motion for tender, be **DENIED**.

Finally, the Court **ORDERS** that the Defendant take the steps necessary to terminate its security interest in the Plaintiff's property within **TWENTY (20) DAYS** of entry of this *Order*.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: September 26, 2018

*[signature: Irene C. Berger]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA